**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Carmella Garrigan, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   11 C 4568 |
| | ) | |
| RJM Acquisitions, LLC, a New York limited liability company, | ) ) | |
| | ) | |
| Defendant. | ) | Jury Demanded |

### COMPLAINT

Plaintiff, Carmella Garrigan, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3.     Plaintiff, Carmella Garrigan ("Garrigan"), is a citizen of the State of Alabama, from whom Defendant attempted to collect a delinquent consumer debt owed for an HSBC credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, RJM Acquisitions, LLC, ("RJM"), is a New York limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  RJM operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant RJM was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant RJM is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then tries to collect, by itself or through other debt collectors.

6.      Defendant RJM is authorized to conduct business in the State of Illinois, and maintains a registered agent within the State of Illinois. See, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, Defendant RJM conducts business in Illinois.

7.      Moreover, Defendant RJM is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B.  In fact, Defendant RJM each act as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

8.      Ms. Garrigan is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a consumer debt she owed for an HSBC credit card.  At some point in time after that debt became delinquent, it was bought by

2

Defendant RJM, and when RJM began trying to collect this debt from Ms. Garrigan, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

9.      Specifically, Defendant RJM hired another debt collector, ALW Sourcing, to demand payment of the HSBC debt from Ms. Garrigan, which sent her an initial form, collection letter, dated January 24, 2010.  A copy of this collection letter is attached as Exhibit C.

10.      Accordingly, via letter dated February 24, 2010, one of Ms. Garrigan's attorneys at LASPD informed Defendant RJM, through its agent ALW Sourcing, that Ms. Garrigan was represented by counsel, and directed Defendant to cease contacting her, and to cease all further collection activities because Ms. Garrigan was forced, by her financial circumstances, to refuse to pay her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit D.

11.      Nonetheless, despite being advised that Ms. Garrigan was represented by counsel and refused to pay the debt, Defendant RJM sent Ms. Garrigan a collection letter, dated July 21, 2010, demanding payment of the HSBC debt.  A copy of this letter is attached as Exhibit E.

12.      Accordingly, on July 23, 2010, Ms. Garrigan's LASPD attorney faxed Defendant RJM a letter, again directing it to cease communications and to cease collections.  Copies of this letter and fax confirmation are attached as Exhibit F.

13.      All of Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14.      Defendants' collection communications are to be interpreted under the

"unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And To Cease Collections

15.     Plaintiff adopts and realleges ¶¶ 1-14.

16.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

17.     Here, the letter from Ms. Garrigan' agent/attorney, LASPD, told Defendant RJM to cease communications and to cease collections (Exhibit D).  By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendant RJM violated § 1692c(c) of the FDCPA.

18.     Defendant RJM's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19.     Plaintiff adopts and realleges ¶¶ 1-14.

20.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

21.     Defendant knew, or readily could have known, that Ms. Garrigan was

represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant RJM, in writing (Exhibit D), through its agent, that Ms. Garrigan was represented by counsel, and had directed a cessation of communications with Ms. Garrigan. By directly sending Ms. Garrigan a collection letter (Exhibit E), despite being advised that she was represented by counsel, Defendant RJM violated § 1692c(a)(2) of the FDCPA.

22.    Defendant RJM's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Carmella Garrigan, prays that this Court:

1.    Find that Defendant RJM's debt collection actions violated the FDCPA;

2.    Enter judgment in favor of Plaintiff, and against Defendant RJM, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Carmella Garrigan, demands trial by jury.

Carmella Garrigan,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  July 6, 2011

5

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com